# Exhibit 13



**U.S. Department of Justice**

United States Attorney

District of Minnesota

---

*600 United States Courthouse*     Telephone:  *(612) 664-5600*
*300 South Fourth Street*             Fax:  *(612) 664-5787*
*Minneapolis, MN  55415*

<u>**Via Electronic Mail**</u>                                June 3, 2026

Mary F. Moriarty

Hennepin County Attorney's Office

A-1600 Government Center

300 South Sixth Street

Minneapolis, MN 55487

**Re: *Touhy* Demand, shooting of Renee Nicole Good**

Dear Ms. Moriarty:

This letter responds on behalf of the United States Attorney's Office for the District of Minnesota ("USAO-MN") to your letter dated February 2, 2026.  That letter purportedly was submitted pursuant to the Department of Justice's *Touhy* regulations at 28 C.F.R. Part 16 Subpart B, and seeks production of evidence in connection with the fatal shooting of Renee Nicole Good. *See* Letter from Mary F. Moriarty to USAO-MN (Feb. 2, 2025). Specifically, you request "any and all:" physical evidence; communications devices and computing devices; photographs and other imaging; radio communications; law enforcement reports; personnel and assignment logs; travel logs; witness statements; applicable operation plans; policies, regulations, procedures, and briefings; training materials; information from personnel files; documentation related to prior interactions between Ms. Good and federal agents; weapons qualification; and medical assessments, all of which you allege is relevant to Minnesota state police investigations. For the reasons explained herein, the USAO-MN denies your request.

As you know, the Department of Justice has promulgated regulations governing requests for official information in federal and state proceedings.  *See* 28 C.F.R. §§ 16.21-16.29 ("DOJ *Touhy* regulations").  Specifically, the DOJ *Touhy* regulations prohibit current and former employees from disclosing "any material contained in the files of the Department" and "any information relating to or based upon material contained in the files of the Department," without approval from the proper Department official.  28 C.F.R. § 16.21(a).  Your compliance with the *Touhy* regulations is a condition precedent to obtaining information from a current or former DOJ employee.  *See Smith v. Cromer*, 159 F.3d 875, 879-80 (4th Cir. 1998); *United States v. Wallace*, 32 F.3d 921 (5th Cir. 1994); *United States v. Bizzard*, 674 F.2d 1382 (11th Cir. 1982); *Liptak v, County*, 2016 WL 5662082 (D. Minn 2016).

USAO-MN_0031

Your request does not comply with the procedural requirements of the Department's *Touhy* regulations.  28 C.F.R. § 16.21(a)(2).  Although those regulations permit "appropriate disclosure" in the "absence of a demand . . . to . . . state, local . . . law enforcement [and] prosecutive agencies," *id.* § 16.21(c), such discretionary disclosure would not be appropriate here, where the federal government has an open investigation into the incident, and disclosure would improperly reveal investigatory records and/or interfere with federal law enforcement investigations.  *See* 28 C.F.R. § 16.26(b)(5).  Accordingly, at this time, the USAO-MN declines to authorize disclosure of the requested information.

Sincerely,

 *s/ Daniel N. Rosen*
DANIEL N. ROSEN
United States Attorney

USAO-MN_0032