# Exhibit 17

# MINNESOTA DEPARTMENT OF PUBLIC SAFETY



**Alcohol &
Gambling
Enforcement**

**Bureau of
Criminal
Apprehension**

**Driver and Vehicle
Services**

**Emergency
Communication
Networks**

**Fiscal &
Administrative
Services**

**Homeland
Security and
Emergency
Management**

**Minnesota
State Patrol**

**Office of
Communications**

**Office of
Justice Programs**

**Office of Pipeline
Safety**

**Office of
Traffic Safety**

**State Fire
Marshal**

## Bureau of Criminal Apprehension

1430 Maryland Avenue E., St. Paul, Minnesota 55106
Phone: 651/793-7000 FAX: 651/793-7001
Website: bca.dps.mn.gov

June 3, 2026

Assistant U.S. Attorney David Steinkamp
Assistant U.S. Attorney Matthew Evans
United States Attorney's Office
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

*Re:    Reciprocal Evidence Sharing in Christian Castro Investigation*

Dear AUSAs Steinkamp and Evans:

I received your request for access to the evidence that the Minnesota Bureau of Criminal Apprehension collected during its investigation into a January 14, 2026 shooting in Northeast Minneapolis involving Christian Castro. Your letter implies that the BCA is unwilling to cooperate with federal law enforcement in this investigation. That is inaccurate. As we have repeatedly communicated to federal law enforcement and the United States Attorney's Office, the BCA is prepared to share evidence reciprocally and to collaborate with federal authorities in the investigation as we have always done. To the extent there has been a breakdown in this longstanding collaboration, that breakdown is the result of an unwillingness to collaborate and share evidence with the BCA in return.

This case does not stand alone. The federal government has also refused to collaborate and share any evidence related to the shootings of Renee Good on January 7, 2026, and Alexander Pretti, on January 24, 2026, by federal officers. After our repeated efforts to re-establish cooperation failed, the BCA has had to sue to get access to the evidence in all three shootings, so it can fulfill its responsibility to investigate.[1]

In this case, BCA agents were present at the scene after the January 14 shooting. From the beginning, BCA agents sought to cooperate with federal investigators. But after BCA agents and federal agents began conducting joint witness interviews on the scene, the federal agents' supervisors instructed them to stop cooperating with the BCA and to exclude BCA agents from further interviews.

---

[1] *See* Compl., *State of Minnesota et al. v. U.S. Dep't of Justice*, Case No. 1:26-cv-01007 (D.D.C., filed Mar. 24, 2026), ECF No. 1.

Since that time, the BCA has made repeated efforts to re-establish our normal, cooperative working relationship with federal authorities on this case. My office has made both formal and informal requests of our counterparts at the FBI and HSI, along with the United States Attorney's Office, to re-establish collaboration. I understand that counsel at the Minnesota Attorney General's Office and Hennepin County Attorney's Office has repeatedly informed you that we are willing to share evidence with you if the exchange is reciprocal. Each of the federal agencies with whom we have discussed sharing evidence in this case has declined to do so thus far. None has provided any substantive reason for its refusal aside from relaying the perspective that these shootings are solely "federal" matters.

The BCA stands ready to restore the historic norm of two-way collaboration between our agency and federal law enforcement. We have so many partnerships and areas of common interest that we remain committed to these relationships. Minnesota has a sovereign responsibility to its residents to protect public safety and to investigate incidents that result of the death of those in our state, so it is necessary that any such exchange goes both ways. The best way to ensure a just outcome in both the state and federal investigations is for us to share evidence with each other, as we always have, so that both sovereigns have a complete picture of the facts. As noted in your letter, mutual sharing of information is necessary to achieve this common goal.

To the extent that you are prepared to share the evidence obtained in the federal investigation of this case, please reach out to the BCA's counsel at the Minnesota Attorney General's Office to arrange for a reciprocal exchange at your earliest convenience.

Sincerely,

Drew Evans
Superintendent
Minnesota Bureau of Criminal Apprehension

cc: Deputy Solicitor General Peter Farrell (peter.farrell@ag.state.mn.us)
 Special Counsel Kimberly Svendsen (kimberly.svendsen@ag.state.mn.us)
 Special Counsel Joseph Richie (joseph.richie@ag.state.mn.us)